Per Curiam.

The plea puis darrein continuance avers that the plaintiff was, at the commencement of the suit, and still is, commorant in Ireland ; and that since the last adjournment he has become an alien enemy, being an alien, born within the allegiance of the King of Great Britain, with whom we are at war, and the plea concludes in bar of the action. There is no doubt that the plea is a valid one in the case of the alien’s residence in the enemy’s country, and the plea may be pleaded either in abatement or in bar, for the precedents are both ways. (Rast. Ent. tit. Ejectment, 7. tit. Trespass per Alien, 1. Cornn. Tab. tit. Abatement, 7. tit. Bar in Divers Actions, 87. Wells v. Williams, 1 Lutw. 34, 35. West v. Sutton, 1 Salk. 2.) This plea conforms precisely to the opinion of the K. B. in Le Bret v. Papillon, (4 East, 502.) in concluding in bar of the further maintenance of the suit. As the disability of the plaintiff is but temporary in its nature, (for a state of perpetual war is not to be presumed,) the good sense and logic of pleading would seem to be in favour of the plea concluding in abatement, when the cause of action is not void or extinguished. But whether the plea be in the one form or the other is, perhaps, not material, for the judgment thereon would not be a bar to a new action on the return of peace. A judgment is no bar to a new suit, unless it involves *187 the merits of the controversy, or be founded on matter which affords a permanent avoidance, or discharge. But hte present plea only bars the palintiff, in his character of alien enemy comrnorant abroad, bom prosecuting the suit. It does not so much as touch the merits of the action. In a late case in chancery, (Ex parts Boussmaker, 13 Ves. 71.) Lord Erskine declared tint the alien’s right of action, in such a case, was only suspended • by the war, and that if the contract was originally good, the remedy would revive on the return of peace. This was even the ancient doctrine, according to Lord Coke, who said (Co. Litt. 129. b.) that ”■ true ii is an alien enemy shall maintain neither real nor personal action, donee terns fuerinl communes, that is, until both nations be in peace.” It is also admitted by the best modem authorities, on the law of nations, that the plea of alien enemy is only a temporary bar to the recovery of private debts, and that the right of action returns with the return of peace. (Bynk. Quest. Jur. Pub. b. 1. c. 7. Vattel, b. 3. c. 5. s. 77.)
There is, then, no well founded objection to the plea, and the defendant is entitled to judgment.
Judgment for the defendant, (a)

 See Clark v. Morey, ante, 69. Buckley v. Lyttle, et al., ante, 117.