Sewall, C. J.
The obvious clerical mistake in this plea must
be corrected ; for, as it stands, it is no answer in this action, or for the tenant, who is sued and put to answer by the name of Luke Brock. The demandant has, however, accepted this plea, and filed a formal answer to it; in which he calls it the plea of the tenant in the action; and although this will not cure the error, it is, we think, a waiver of any exception for this cause ; and the tenant is entitled to amend the name of the person for whom the plea is filed and the averments are made.
Other exceptions have been urged to this plea, upon the general demurrer to it for the demandant, which require consideration. The plea for the tenant is said to be substantially defective, upon the ground that the demandant is, or may be, for any thing that is averred in this plea, within the provisions of the treaty of 1794, between the United States and Great Britain, commonly called Mr. Jay’s treaty. British subjects, so far as may respect lands holden by them within the United States, or the remedies incident thereto, are not to be regarded as aliens; and the- article containing this provision is among the ten which are declared to be permanent. It is from hence inferred that no disability of the demandant, to proceed in this action, results from the fact of a public war, declared and existing between the United States and Great Britain.
The disability of an alien enemy is not, however, as we conceive, prevented or cured by any of the provisions of the treaty of 1794. The permanency, established by the 28th article, for the first ten articles of the treaty, distinguishes them in that respect from the subsequent articles; which are thereby limited in their . duration to certain periods of * time. But treaties are [ * 122 ] broken or annulled by a war arising between the contracting parties. (2) This is the general principle. The exceptions to it are stipulations providing, in the event of a rupture, of which the 10th article of the treaty in question is an instance. As affect *118 ing and securing the rights of individuals, the provisions in the 9th article for titles in lands, may be considered as executed by the acceptance and ratification of the treaty; but the remedies incident to those titles, as well as the remedies incident to the personal rights of individuals, are necessarily suspended during the state of war. The comity and intercourse, every where permitted and enjoyed, among Christian and civilized nations in a state of peace, are at once withdrawn by a declaration of war. The territories and the courts of justice of belligerent nations are closed against each other, to the exclusion of their respective inhabitants and subjects. An alien enemy shall maintain neither real nor personal action donee terree fuerint communes, &c. An enemy to our sovereign shall not have the use or advantage of his laws. (3) And by the modern authorities, it seems that a man who resides under the allegiance and protection of a hostile state, for commercial purposes, is to be considered, to all civil purposes, as much an alien enemy as if he were born there. (4)
On the other hand, the citizen or subject of a foreign country or .sovereign, against whom we declare war, who is residing with us when war commences, and who is permitted afterwards to reside, and be at large, under the protection of our laws, is enabled by his residence, and by virtue of this protection, to maintain civil actions, notwithstanding the war, and any supposed duty of natural allegiance. (5) In pleading this disability of alien enemy, it seems, therefore, that it is not necessary to aver the plaintiff to be a native of the country, or a natural born subject of the sovereign, at war with us; and that it is necessary to negative the plaintiff’s residing with us, under letters of safe conduct, or under the protection of our government and laws. (6)
[ * 123 ] * Pleas of alien born, and of alien enemy, are said to be in disability of the person of the plaintiff; and these are strictly in abatement of the writ, when the present proceeding is thereby utterly defeated ; and if, according to the subject matter of the suit, the defence is, that the plaintiff cannot, for that cause, maintain any action at any time, then the plea may be either in abatement or in bar. Thus a plea of alien enemy, to a real action, may be pleaded either in abatement or in bar; because, for that cause of action, the plaintiff has no right to recover. And it seems to have been anciently holden, that alien enemy might be pleaded *119 in abatement or in bar, even in a personal action, upon the ground that the cause of action was forfeited to the king by the declaration of war, and as a reprisal for damages committed by the enemy. (7)
But since the necessities of trade, and the liberal intercourse of nations, have softened the too rigorous rules of the old law, in their restraint and discouragement of aliens, in time of peace, alienage is no plea in a personal action ; and in time of war, the plea of alien enemy is a temporary disability of the plaintiff only, which ceases with the war. (8) It is still called a plea in abatement, although the effect of it is not to abate the writ, or defeat the process entirely, but to suspend it; and the plea is defective, when it concludes either in bar or in abatement of the writ. The form is a prayer, whether the plaintiff shall be further answered ; and the judgment to be entered upon it, when it shall be confessed or maintained, is, that the writ aforesaid remain without day, donee terree fuerint communes, until the intercourse or the peace of the two countries shall be restored. Where the effect of a plea is a temporary disability of the plaintiff, and nothing more, a prayer of judgment of the writ is bad. As in the case of Sturton & Al. vs. Pierpont, (9) a plea of the excommunication of the plaintiff, which is a temporary disability, was adjudged bad on demurrer; because the defendant * prayed judgment of the writ, instead of [*124] saying that the plaintiff ought not to be answered.
In the case at bar, the demandant shows a title in lands within this state, which descended to him in the year 1776, and the action proceeds upon the supposition of a continuance of that title until the time of the action brought in 1812. It is the case, therefore, of lands holden in 1794, by a British subject, if that is the national character of the demandant. It is a right not forfeited by the declaration of war, but the remedy is suspended. He is not to be answered upon this demand until the restoration of peace. The plea, therefore, in the prayer of judgment of the writ, and that the writ abate, is defective, and must be adjudged bad upon this demurrer; and being a plea after the last continuance, and after a plea in bar which is relinquished, the course would be to award judgment in chief, and that the demandant recover; for there can be no respondeos ouster upon a plea in abatement offered, under these circumstances. (10)
This consequence is one, however, which neither of the parties *120 before us in this action appears to have anticipated ; and it is never desirable to have an action finally disposed of in consequence of a mistake in a technical form of pleading, and when there may be a defence upon the merits. Besides, if the fact be that the demandant is now to be regarded as a British subject, resident in the kingdom of Great Britain, it is a rule of public policy, whatever his right may be, that his remedy for the recovery of it be suspended during the continuance of hostilities, and the prohibition of intercourse, between this country and that..
We shall therefore postpone a final judgment, and give opportunity for a motion to amend or to plead anew; or for such other course of proceedings as the justice of the case and the rules of public policy shall be found to require, (a)

 Vattel, B, 3, o. 10, § 175.

 1 Inst. 128.129. — Gilb. Hist. Com. Pleas, 205. — Dyer, 2, pl. 8—6. D. & E. 23, 35.

 Bos. & Pul. 113. — 1 Bos. & Pul 163.

 1 Lord Baum. 282.

 Cro. Eliz. 683. — 1 Salk. 46. — 2 Str. 1082. — 8 D. & E. 166.

 1 Chitty on Pleading, 434, 435. — 1 Inst. 134, 277. — Bac. Abr., Abatement, L cites Brownl. Denizen, 10. — 1 Inst. 129.

 1 Lord Raym. 282.

 2 Lep. 208.

 Cro. Eliz. 49. — 1 Lord Raym. 693. — Lutw. 1143.

 Vide Parkinson vs. Wentworth, ante, 26. — Langdon & Al. vs. Pottery post, 313 — Levine vs. Taylor & Al. 12 Mass. Rep. 8. — Sewall vs. Lee, 9 Mass. Rep. 363.— Martin vs. Woody 9 Mass. Rep. 377.