Jackson, J.,
delivered the opinion of the Court.
This action was commenced after the declaration of war by the United States against Great Britain, in June, 1812, and the defendants pleaded in bar, that the plaintiff is an alien, and a subject of the enemy. We have not found it necessary to consider the matter replied in avoidance of the plea, as we are satisfied that it is insufficient as a plea in bar.
y/"That the plaintiff is an alien enemy may be pleaded in disability of his person. As long as the war continues, he cannot maintain any action in our courts. This disability resembles that arising from the outlawry of the plaintiff; as to which, if pleaded in disability, it is decided, that, if the cause of action accrues, or, perhaps, if the action is commenced, whilst the plaintiff is thus disabled, the plea quite overthrows the writ; and, after a pardon or reversal of the outlawry, the plaintiff must begin de nova. But, if the disability occurs after the commencement of. the action, it o_nly suspends the proceeding quousque, &c. ; and, after the disability is removed, the plaintiff may recontinue the suit by resummons or reattachment. (1) Accordingly, in several cases, where the action was commenced [* 10] before the declaration of war, this * Court have expressed *17 an opinion, that it produced only a temporary disability ; and, at their recommendation, the parties have agreed to continuances without costs on either side ; in order to avoid the trouble and expense of new process at the termination of the war. /
It is true, that the plea of alien enemy might, by the common law, be also pleaded in bar ; because the debt itself was considered as forfeited to the sovereign, as a reprisal for the damages committed by the enemy.(2) So outlawry, where the ground or cause of action was thereby forfeited, as in debt detinue, &c., might be pleaded in bar.(3) And, possibly, a plea of alien enemy in bar might be good jn this country, with respect to the subjects of any nation with which we have no provision to the contrary by treaty ; although, since “ commerce has taught the world more humanity, and has mollified the too rigorous rules of the old law,”(4) and as private debts are not now in fact confiscated by civilized nations in the event of war between them, it may well be doubted if such a plea can ever be good, the reason or ground of it having entirely failed.
But, with respect to Great Britain, it is expressly agreed, in the tenth article of our treaty of amity, commerce, and navigation with that nation, that no debts, due from individuals of one nation to those of the other, shall ever, in any event of war, be sequestered or confiscated ; and it is declared by both nations to be unjust and impolitic that such debts and engagements should ever be destroyed or impaired by national authority, on account of national differences. This, being a stipulation to be executed in the event of a war, was not cancelled by the war.(5) It follows, then, that the right of action remains in the plaintiff. It is from reasons of national policy, that he is prevented from recovering the money, and carrying it out of the country during the war. He is, therefore, disabled for the time from maintaining the action ; but, on the restoration of peace, the right of action revives. His cause of action has never been barred, discharged, or in any manner extinguished ; although the * remedy was, for a time, suspended. It neces- [ * 11 ] sarily follows, upon the general principles of law' and the rules of pleading, that this matter is not pleadable in bar.
It is not necessary now to consider what would have been the proper course to pursue with regard to this action, if the war had still continued, and it had appeared from all the facts before the Court, that the plaintiff was an alien enemy, who might have been disabled to maintain the action. The Court of King’s Bench, in a *18 case somewhat analogous,(6) entered such a judgment as appeared to them on the whole record proper to be rendered, although not precisely such as the defendant had prayed in his plea. The difference in the case at bar is much greater than it was in that case between the judgment prayed by the defendant, and that which the Court would render, if the war now continued, and the plaintiff were thereby disabled from maintaining the action. But, since the restoration of peace, the plaintiff has unquestionably a right to maintain an action for recovering the money demanded in this suit; and, as his writ sued out for that purpose has not been abated, he may now proceed on it to recover what shall appear to be justly due to him.†

 Faulkland vs. Stanion, 12 Mod. 400

 Gill. Hist and Pract. of the Common Pleas, 205.

 Co. Lit. 128. — L. Raym. 1056.

 L. Raym. 282.

 Vattel, B. 3, c. 10, § 175.

 4 East, 502.

 1 Chitty, 514. — 3 Chitty, 911, 7th ed. —15 East, 260.— Harmon vs. Kingston, 3 Camp. 153. — Hutchinson vs. Brock, 11 Mass. Rep. 119. — Langdon et al. vs. Potter, ib. 113. — Parkinson vs. Wentworth, ib. 26.