Harper, J.
delivered the opinion of the Cohrt.
The sixteenth section of the act of assembly of 1712, provides, that, “ whereas by this act a person being a feme covert, is limited as to the time of laying claim to lands or tenements, and to commencing actions or suits of law, and not excepted generally until discoverture, and that such persons may be no way prejudiced by the same, be it further enacted, that in case any feme covert have any right or claim to any lands or tenements within this province, or any other action or suit whatsoever, such feme covert shall have power to constitute an attorney under her hand and seal, to prosecute such her claim, action, or suit, either in her own name, or in the name of her husband and self, as if her husband had joined with her in such power of attorney, and such person so constituted, shall have power to prosecute such suit or claim to effect, and her husband shall not have power to abate, discontinue or release her claim or action, without her voluntary consent, given in open court, and recorded in the proceedings, neither shall such suit or action be any way abated upon the account of Such woman being under coverture, but the proceeding shall be in all things as good and effectual in law, as if such woman were sole, or her husband joined with her in such suit.” P. L. 103-4. The terms of this clause are very sweeping and general. The power is given to prosecute any suit or claim whatsoever, which may signify either to institute a suit, or to carry on one already commenced, and it. is declared that it shall not be abated by her coverture. The terms seem equally applicable to a suit depending at the time of the marriage, as to one instituted afterwards.
The presiding Judge supposes, that the privilege given by the clause extends only to cáses, where the cause of action accrues after the marriage. But I can see nothing in the terms of the act, or the reason of the thing thus to limit it. The argument in support of this position is drawn from the preamble of the section in question, compared with the tenth section, which gives to persons who are femes covert, at the time of the cause of action given or accrued, the privilege of bringing actions of trespass, detinue, actions sur trover, &c. within five years, when the gen *351 etui limitation applicable to other persons is four years. The bar of the statute applicable to femes covert, it is said, is where the cause of action accrued during the coverture, and the preamble of the clause shews, that it relates only to cases where the bar of fhe statute applies. There is nothing in this argument. But for the exception made in favour of femes covert, they would have been barred, like other persons, within four years. The argument takes for granted that they are barred by the statute, within four years where the cause of action accrued before the coverture. In that case then, a feme covert “ is limited as to the time of commencing actions or suits at law, and not excepted generally until discoverture,” and to that case the preamble and the clause expressly refer. Whatever we may conjecture concerning the intention of the Legislature, the terms of the act arc so explicit, that it is difficult to raise an argument upon them.
If a feme covert may appoint an attorney to institute a suit, where the cause of action accrued before coverture, I am perfectly satisfied that she may appoint one to prosecute an action which was depending at the time of her marriage, and that such appointment will be a good answer to the plea of coverture. In all other cases, I believe, of pleas in abatement going to the disability of the plaintiff, where the disability is of such a nature that it is capable of being removed, the plea cannot be sustained where the disability is actually removed before plea pleaded. A distinction is made in the case of coverture, where the woman was covert at the time of the writ sued, and where she marries pending the writ. “ By the first, the writ is abated de facto ; but the second only proves the writ abateable: both are to be pleaded ; with this difference, that coverture pending the writ, must be pleaded post ultimam continuationem, whereas coverture before the writ brought, may be pleaded at any time, because the writ is de facto abated. But if a feme sole takes out a writ, and after marries, the defendant was legally attached on such suit, and therefore may plead in chief to it any defence he has.” Bac. Abr. Abatement, G.
Outlawry, it is said is a good plea in abatement. “ But outlawry does not entirely abate the writ, but is only a temporary impediment that disables the plaintiff’ from proceeding; for upon obtaining a charter of pardon, or reversing the outlawry, he *352 is restored to his law, and can oblige the defendant to plead to the same writ.” Bac. Abr. Abatement, B. 1. Co. Lit. 128 b.
To the plea of excommunication, the plaintiff .may reply that he is pardoned or absolved. Bac. Abr. Abatement, B. 2. Com. Dig. Abatement, (E. 7,) 4.
In these cases, if the party be pardoned or absolved, or the outlawry reversed, after plea and before judgment, the cause may proceed, and shall not be abated. Com. Dig. Abatement, (E. 2,) 7. Ib. (E. 7,) 6. The judgment, it is said, is not that the suit shall abate, but that the defendant go without day; and upon the disability’s being removed, the plaintiff may have a resummons, or a re-attachment, and compel the party to answer to the same writ. Littleton’s text, Co. Litt. 133, b. Bac. Abr. Abatement, B. 2.
In the case of the plea of alien enemy, it may be, that if the party were an alien enemy at the time of the writ sued, this would vitiate the writ, and cause the suit to abate do facto, as in the case of a woman who was covert at the time of the writ sued. But of this, I am not satisfied, if the plea were not pleaded until after a peace concluded. If the plaintiff however, were not under the disability at the time of the writ sued, and the disability were removed before plea pleaded, I think it may be plainly inferred from the cases, that no advantage could be taken of the intervening disability^.. Jt is said by Coke that an alien enemy shall maintain neither real nor personal action donee terrea fuerint communes, that is uiitil both nations be at peace. Co. Litt. 129, b. The form .of the plea shows this. It must be alleged that the plaintiff was, at the time of commencing the action, or still is/dn alien enemy. In the case of Le Bret v. Papillon, 4 East. 502, the plea was, that the plaintiff before, and at the time of exhibiting his bill, was, and now is an alien enemy. The plea in that case was determined to be bad, as it was pleaded generally in bar of the action, and it appeared that at the time of exhibiting the bill, the plaintiff was an alien friend. But as the court were bound, ex officio, to give such judgment as appeared on the whole record to be proper, and as it appeared that he was now an alien enemy, judgment was given, that he be barred from further having or maintaining his action. The American cases are more express. In Hammersley v. Lambert, 2 Johns. Ch. Rep. 511, where it was objected, that the plaintiff *353 brought suit as trustee for an alien enemy, Chancellor Kent held it clear, that the suit not having been abated during the war, no advantage could now be taken of a disability which had ceased. See also Bell v. Chapman, 10 Johns. 183. Hutchinson v. Brock, 11 Mass. 119, and Levine v. Taylor, 12 Mass. 8.
Blanding and Gregg, for the motion.
C. Clarke, contra.
If, in all other eases where the suit is abateable only, no advantage can be taken where the disability is removed before plea •pleaded, I cannot see what should make a difference in the case of a feme covert. The act certainly removes her disability to sue in her own name as a feme sole, upon the appointment of an attorney. If she could immediately afterwards institute a suit in her own name, for the same cause of action, by appointing an attorney, it would be trifling with the act to say, that the suit must abate in order to compel her to do so; and no benefit would arise to the plaintiff who could not have costs. It would be doing hardship and injustice also, if it were held, that the statute of limitations had in the mean time attached upon her claim. As to the difficulties suggested by the presiding Judge, they are no greater than would exist, if the defendant had not thought proper to plead the coverture; in which case it is clear the plaintiff might have recovered judgment. The proceedings must be carried on, and the judgment entered in the name in which the action was commenced. If a married woman should think proper to appoint an attorney, and institute a suit in her maiden name, on a contract made with her under that name, it is more than questionable whether any advantage could be taken. But in any case where she should so sue on a cause of action arising before the coverture, advantage could only be taken on a plea of misnomer. The person remains the same though she is known by another name. I am therefore of opinion that the decision must be reversed and the demurrer overruled.
Motion granted.