[S. F. No. 349.   Department Two.—December 3, 1896.]

PATRICK F. FOLEY, A MINOR, BY HIS GUARDIAN AD LITEM, RESPONDENT, *v.* CALIFORNIA HORSE-SHOE COMPANY, APPELLANT.

NEGLIGENCE — INJURY TO MINOR — CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DEFECTS IN MACHINERY — ASSUMPTION OF RISK — UNUSUAL TASK—QUESTION OF FACT.—A minor employed in the operation of a machine used for the punching of holes in horseshoes, knowing the danger and risk to which he may be exposed from its liability suddenly to start, owing to a defective belt and shifter, the defects in which are known to him, assumes the perils and risks of his ordinary and usual occupation; but when engaged by order of the foreman in the unusual and strange task of screwing on a loose tap bolt, which had fallen out from the box holding the shaft wheels at the rear of the machine, it cannot be said, as matter of law, that, while so engaged, he assumes the particular risk of injury in the crushing of his arm from the catching of his sleeve in a cogwheel, owing to the sudden starting of the machine, notwithstanding his knowledge that it is liable to start suddenly by reason of the defective belt and shifter, or that he has exercised less than the ordinary care required of him as a minor under the circumstances; but it is a question of fact for the jury, and not of law for the court, whether the minor, in the performance of such unusual task, duly exercised his judgment, taking into consideration his years, experience, and ability.

ID.—QUANTUM OF CARE REQUIRED OF MINOR—OBEDIENCE TO FOREMAN. The ordinary care which a minor of limited judgment and experience is called upon to exercise in a given act is not the same *quantum* of care which an adult would be called upon to use under the same circumstances; nor can a minor be expected to set up his opinion against the judgment and experience of the superior to whom he is given in charge and expected to obey; and it would be an extreme case in which a minor should be held guilty of contributory negligence in obeying the order of his foreman, representing his master, and given within the scope of his authority as foreman.

ID.—INSTRUCTION—DANGEROUS MACHINERY—EMPLOYMENT OF MINOR—DUTY AND LIABILITY OF EMPLOYER.—An instruction that the owners of dangerous machinery who employ a minor and inexperienced person about it, unacquainted with its nature and use, are bound to take care that such person is duly instructed therein, and if they either neglect this, or if express directions are given to use the machinery in a manner which must lead to danger, of which such person is likely to be fully aware, they are liable for any injury sustained by such person in the use of the machinery in that manner, and that the law is not so unreasonable as to expect or require the same maturity of judgment, or the same degree of care or circumspection in a child of tender years as in an adult, is correct in law, and is not erroneous in assuming that a machine operated by a swiftly moving belt, and containing as part of its mechanism pulleys and cogs, and used for punching holes in iron, is in and of itself a dangerous machine.

ID.—ACTION BY MINOR—INVALID APPOINTMENT OF GUARDIAN AD LITEM—TRAVERSE—NEW APPOINTMENT.—Where the complaint by a minor averred the appointment of a guardian *ad litem*, and this averment was traversed by the answer, and the court, upon the trial, held the appointment void, but permitted the plaintiff to file a new petition, and then made its order appointing a guardian *ad litem*, and ordered the trial to proceed, the action of the court is not ground for reversal.

COSTS—MOTION TO RETAX—ERRONEOUS ENTRY OF JUDGMENT BY CLERK—VACATION OF JUDGMENT—CURE OF ERROR.—The erroneous entry of judgment for costs by the clerk, for the amount of costs claimed by plaintiff in the cost-bill, without awaiting the determination of a motion of defendant to retax the costs, is cured by the order of court reducing the amount of costs allowed, and the refusal of the court to vacate the judgment can work no injury to the defendant.

ID.—ORDER TAXING COSTS—APPEAL—DISMISSAL.—Where the amount of costs allowed by the court is less than three hundred dollars, the action of the trial court relating thereto is not reviewable upon appeal, and a separate appeal from the order taxing the costs will be dismissed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial, and from an order denying a motion to vacate said judgment and taxing costs.   A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*T. Z. Blakeman,* for Appellant.

If a child employed upon machinery has gained from any source the knowledge how to use it, he thenceforth stands as an adult with respect to the master's liability to him for an injury caused by the machinery. (4 Blackstone's Commentaries, 23; Pen. Code, sec. 26; *Sullivan* v. *India Mfg. Co.,* 113 Mass. 398; *Fisk* v. *Central Pac. R. R. Co.,* 72 Cal. 44; 1 Am. St. Rep. 22.) An infant at fourteen years of age is presumed to have sufficient capacity and understanding to be sensible of danger, and to have the power to avoid it, and this presumption ought to stand until it is overthrown by clear proof of the absence of such discretion and intelligence as is usual with infants of fourteen years of age. (*Nagle* v. *Allegheny Valley R. R.,* 88 Pa. St. 39; 32 Am. Rep. 413; *Dietrich* v. *Baltimore etc. Ry. Co.,* 58 Md. 354.) The evidence without conflict shows that the negligence of a fellow-servant, to wit, Rodifer, was the proximate cause of the injury. (*Fisk* v. *Central Pac. R. R. Co., supra.*) The court erred in its instructions to the jury in regard to the instructions required to be given by the owner of dangerous machinery to his employee, as they assume as a fact that the machinery was dangerous. (*Llewellyn etc. Mfg. Co.* v. *Malter,* 76 Cal. 243; *Vulicevich* v. *Skinner,* 77 Cal. 239; Sackett on Instructions, 19, 415.) It was error to permit plaintiff to file a petition for appointment of a guardian *ad litem,* and in appointing a guardian *ad litem* during the trial and after the first petition and order had been declared void. (*Crawford* v. *Neal,* 56 Cal. 321; Civ. Code, sec. 42.)

*Sullivan & Sullivan,* for Respondent.

The law does not presume that an infant fourteen years of age has sufficient capacity to appreciate and avoid the dangers of his employment. (*Turner* v. *Norfolk etc. Ry. Co.,* 40 W. Va. 675; *Kucera* v. *Merrill Lumber Co.,* 91 Wis. 637; *Dowling* v. *Allen,* 74 Wis. 13; 41 Am.

Rep. 298; *Hanson* v. *Ludlow Mfg. Co.,* 162 Mass. 187; *Armstrong* v. *Forg,* 162 Mass. 544; *Mather* v. *Rillston,* 156 U. S. 391; *Wallace* v. *Standard Oil Co.,* 66 Fed. Rep. 260; *May* v. *Smith,* 92 Ga. 95; 44 Am. St. Rep. 84; *Hinckley* v. *Horazdousky,* 133 Ill. 359; 23 Am. St. Rep. 618; *Mullin* v. *California Horseshoe Co.,* 105 Cal. 77.) A servant does not assume the risk of the master's negligence. (*Union Pac. Ry. Co.* v. *O'Brien,* 161 U. S. 451; *Ohio Valley Ry. Co.* v. *McKinley* (Ky. Dec. 14, 1895), 33 S. W· Rep. 186; *Kucera* v. *Merrill Lumber Co., supra.*) It is the duty of the master to furnish the servant a safe place to work in, and reasonably safe appliances for the prosecution of his work. (*Mullin* v. *California Horseshoe Co., supra; Ryan* v. *Los Angeles etc. Co.,* 112 Cal. 244; *Union Pac. Ry. Co.* v. *Daniels,* 152 U. S. 688, 689; *Linton Coal and Min. Co.* v. *Persons,* 11 Ind. App. 264; *Ohio etc. Ry. Co.* v. *Stein,* 140 Ind. 61; *Burke* v. *Anderson,* 69 Fed. Rep. 814; *Sanborn* v. *Madera etc. Trading Co.,* 70 Cal. 261; *Gisson* v. *Schwabacher,* 99 Cal. 419; *Elledge* v. *National City Ry. Co.,* 100 Cal. 282; 38 Am. St. Rep. 290; *Nixon* v. *Selby Smelting etc. Co.,* 102 Cal. 458.) In ordering plaintiff to screw in the bolt, Rodifer, representing the master, subjected plaintiff to hazard without warning, and his negligence is chargeable to defendant. (*Mullin* v. *California Horseshoe Co., supra; Ryan* v. *Los Angeles etc. Co., supra; G. H. Hammond Co.* v. *Mason,* 12 Ind. App. 469; *Northern Pac. Ry. Co.* v. *Poirier,* 67 Fed. Rep. 881; *Chicago etc. Ry. Co.* v. *Kneirim,* 152 Ill. 458; 43 Am. St. Rep. 259; *Union Pac. Ry. Co.* v. *Daniels, supra; Texas etc. Ry. Co.* v. *Elliott,* 71 Fed. Rep. 378; *Ingerman* v. *Moore,* 90 Cal. 410; 25 Am. St. Rep. 138; *Baxter* v. *Roberts,* 44 Cal. 191.) Plaintiff continuing at work with knowledge of defective appliances was not negligence. (*Magee* v. *North Pac. etc. R. R.,* 78 Cal. 438; 12 Am. St. Rep. 69; *Martin* v. *California Cent. Ry. Co.,* 94 Cal. 329; *Green* v. *Minneapolis etc. Ry. Co.,* 31 Minn. 248; 47 Am. Rep. 785; *Kucera* v. *Merrill Lumber Co., supra; Kelley* v. *Fourth of July Min. Co.,* 16 Mont. 484; *Hough* v. *Railway Co.,* 100 U. S. 213; *Texas etc. Ry. Co.* v. *Bingle*

(Tex. Civ. App.), 29 S. W. Rep. 674; *Atchison etc. R. R. Co.* v. *Midgett*, 1 Kan. App. 138; *Northern Pac. R. R. Co.* v. *Babcock*, 154 U. S. 200.) The questions of negligence on the part of defendant, of Rodifer's relation to defendant and to plaintiff, and of plaintiff's alleged contributory negligence, were all questions of fact peculiarly within the province of the jury, and their findings upon them will not be disturbed. (*Reay* v. *Butler*, 95 Cal. 214; *Gardner* v. *Michigan Cent. R. R. Co.*, 150 U. S. 360; *Great Northern Ry. Co.* v. *M'Laughlin*, 70 Fed. Rep. 669; *Washington R. R. Co.* v. *McDade*, 135 U. S. 571; *Bowman* v. *White*, 110 Cal. 23; *Sadowski* v. *Michigan Car Co.*, 84 Mich. 105.) There was no error in the charge of the court or its rulings or instructions. No assumption of fact appears in any instruction shown to have been given. (*People* v. *Ramirez*, 56 Cal. 537; 38 Am. Rep. 73; *People* v. *Forsythe*, 65 Cal. 101; *People* v. *Bushton*, 80 Cal. 163; *Harris* v. *Shebek*, 151 Ill. 287.) The court did not err in allowing the new petition for appointment of a guardian *ad litem*, and amendment of the complaint during the trial. (*Estate of Cahill*, 74 Cal. 52; *Childs* v. *Lanterman*, 103 Cal. 387; 42 Am. St. Rep. 121.)

HENSHAW, J.—This is an action for damages for personal injuries by a minor against his employer. Plaintiff recovered a judgment under the verdict of the jury, and defendant appeals from the judgment and from the order denying his motion for a new trial. He also appeals from the order taxing costs, and denying his motion to vacate the judgment.

Plaintiff, at the time of the accident, was fourteen years and four months old. He had been working in the shop of the defendant for fourteen months; and for four months immediately preceding the accident he had been engaged in punching horseshoes with a punching machine. The complaint avers that plaintiff was employed by defendant to punch holes in horseshoes by means of a machine known as a horseshoe punching machine; that at all times during his employment he

was in the performance of his duties in the factory under the control of and subject to the orders and directions of defendant's assistant foreman; that on the 17th of June he was ordered by said assistant foreman to adjust a portion of the mechanism operating the punching machine; that to adjust this was a hazardous undertaking; that the hazard was well known to defendant and to the assistant foreman, but that plaintiff was unfamiliar with the mechanism and the manner of adjusting the same, and was ignorant of the hazard. Plaintiff, in obedience to the order from the assistant foreman, was engaged in this labor when the machine, by reason of its defectiveness and the defective and unsecured condition of the belts and pulleys used in operating it, was suddenly set in motion, whereby plaintiff's right arm was caught by cogwheels, crushed, and mangled.

Defendant contended that the accident resulted from the plaintiff's own negligence, and from the negligence of plaintiff's fellow employee, the assistant foreman.

The punching machine was moved by a belt. When it was desired to stop the machine the belt was thrown from the tight pulley to a loose pulley. The belt was so defectively constructed that one end of it at the place of juncture projected. By constant striking upon this projecting end the belt would work back from the loose pulley on to the tight pulley, and so set the machine in motion. This defect was known to the plaintiff, and had by him been reported to Rodifer, the assistant foreman, who told the boy, "That would be all right; that would not hurt nothing." The shifter used in moving the belt from the fixed to the loose pulley was likewise defective, and its condition tended also to cause the belt to move back upon the fixed pulley without the intervention of an operative.

Upon the day in question the boy's machine was at rest. A tap bolt which had fallen out from the box holding the shaft wheels at the rear of the machine was taken by Foley to Rodifer. Rodifer directed the boy to

screw the bolt into its proper place. He did not know how to do the work, and Rodifer gave him directions. While obeying these directions, and standing behind the machine inside the wheel screwing on this tap bolt, the sleeve of his right arm became entangled with a small cogwheel, and, as the machine started while he was thus at work, his arm was drawn in and crushed.

It is, perhaps, proper to say that this statement presents the testimony in a light most favorable to plaintiff. Nevertheless, it is a statement borne out by the testimony, and from their verdict it is the view which the jury must have accepted.

From this statement appellant urges that it appears that plaintiff, by his own testimony, knew the special danger and risk which, because of the defective appliance, must have attended the working of the machine, and that, having this knowledge, and his injury having resulted from this known defect, he stood as an adult with respect to his master's liability for any injury arising from it, and cannot recover; that he undertook to screw the nut upon the machine while it was in the condition which he himself considered and testified to as dangerous.

Where the ordinary and usual occupation of a minor is the running or management of a machine, or is some employment in and about it, and the minor is shown to have knowledge of the working of the machine, its dangers or its defects, and where it further appears that the minor is not of such tender years as to be unable to appreciate the nature of the dangers or defects, it is beyond question the rule, sanctioned by a long line of authority, that he takes upon himself, as will an adult under the same circumstances, the perils and risks of his employment; and that, if injured in the course thereof, he may not look to his employer for compensation.

But there is a distinction which, as a matter of humanity as well as law, should be drawn between such cases and those where the minor is put to a task which,

while within the range of his employment, is to him in his inexperience and youth unusual and strange; and it is a case of the latter kind which we are here called upon to consider.   Had the accident to the boy occurred while he was engaged in the ordinary operation of his machine, it could be said without hesitation that knowing the peculiar danger to which he might be exposed by its sudden starting, and knowing as he did that it was liable thus suddenly to start, he continued in his employment, taking upon himself the responsibility for any accident which might result therefrom.

But the accident did not occur while he was engaged in his ordinary occupation at the machine.   It occurred while he was engaged in the unusual task set him, that of screwing on a fallen bolt.   It is true that while engaged in this task he had still the knowledge that the machine was liable to start, but does this fact establish that for which appellant contends, viz., that he had assumed that particular risk while screwing on the nut, as he had assumed it generally in operating the machine?

We think that as a proposition of law this cannot be said.   Were the employee in this case an adult, the rule might well be different; but the very reason why an adult under these circumstances would be held to have taken the risk while screwing on the nut, serves to show the injustice and hardship which would result if it were sought to be applied to a minor.   The question of the taking of a risk, the question of the assumption of responsibility in a given act, is determined as much upon the matter of judgment as upon the matter of knowledge. An adult employee, when the facts are known to him, is presumed in law to exercise the same judgment upon those facts as would the employer.   The employer's duty is fulfilled, and he is not negligent, if he puts the employee in full possession of the facts, and makes him acquainted with the attendant dangers and risks. Therefore, if an adult employee engaged in operating the punching machine, and knowing that it was lia-

ble suddenly and unexpectedly to move, were told to screw on the misplaced nut, it might very properly be said that in the performance of this task his judgment of any increased risk or danger attending it would be as good as his employer's, and that if he chose under those circumstances to undertake he work, the responsibility for any accident that might befall him therefrom would be upon him alone.   The conduct of the child, however, is and should be viewed and measured by a different rule.   Children are taught obedience.   They are taught not to oppose their will and their judgment to those in authority over them; but in addition to this, and more important than all, the judgment of the child is the last faculty developed.   Knowledge he may have; facts he may acquire; but the ability to apply his knowledge or to reason upon his facts comes to him later in life.   A child might be capable of understanding the construction, the use and the danger of fire-arms; yet one would not for that reason feel justified, after due explanation, in giving them to him as playthings.   The very accidents of childhood come from thoughtlessness and carelessness, which are but other words for absence of judgment.

When sent out to labor they are told by their parents or guardians to obey.   In the factory or shop unquestioning obedience is expected and exacted.   They must go where they are sent, they must do as they are told.

It would be barbarous to hold them to the same accountability as is held the adult employee who is an independent free agent.   Their conduct is to be judged in accordance with the limited knowledge, experience, and judgment which they possess when called upon to act.   And it must, from the nature of the case, be a question of fact for the jury rather than of law for the court, to say whether or not, in the performance of a given task, the child duly exercised such judgment as he possessed, taking into consideration his years, his experience, and his ability.   This must necessarily give rise to a different rule from that so well established, which

measures the conduct of the adult by that which might be expected of the ordinarily prudent person placed in the same position.

So here the child might well be expected to comprehend the likelihood of accident, and to know how to provide against it, when engaged in his usual employment in front of the machine. But when he is sent to the rear of it, and in among the wheels and mechanism, to perform a novel duty, we cannot say, as matter of law, that he entered upon its performance with a full appreciation of the increased dangers and risks, and with sufficient judgment to know how to avoid them. These matters, and the further question whether the minor duly exercised such judgment as he possessed, must, therefore, as a rule, be left as considerations of fact for the jury's determination; and it would be an exceptional case which would present them as unmixed questions of law for the determination of the court.

In this case, it is true, the boy knew when he was engaged in screwing on the nut that the machine might start, but it does not appear that he knew or had judgment to appreciate any added risk which the particular task rendered him liable to. The ordinary care which a child of limited judgment and experience is called upon to exercise in a given act is not the same *quantum* of care which the adult would be called upon to use under the same circumstances. Each is required to use ordinary care, but the amount of care which the person of perfected intelligence and judgment must employ, is very different from the amount which the law in its humanity exacts of a minor.

It is well said by the supreme court of appeals of West Virginia in *Turner* v. *Norfolk etc. Ry. Co.*, 40 W. Va. 675: "A minor cannot be expected to set up his opinion, however mature, against the judgment and experience of those maturer and older to whom he is given in charge, but he is taught the lesson of obedience from his cradle, and he is required to respect the commands, and pay deference to the judgment of his elders,

until legally emancipated at the age of twenty-one years. And it would be an extreme case in which a minor should be held guilty of contributory negligence in obeying the orders of his foreman, representing his master."

We cannot say, therefore, as matter of law, either that the child with knowledge assumed the risks incident to the task, or that in performing the task he exercised less than the ordinary care required of him.

It is next insisted that plaintiff was injured because of the negligence of the fellow-servant, Rodifer, and that for this reason plaintiff cannot recover. The case of *Fisk* v. *Central Pac. R. R. Co.*, 72 Cal. 38, 1 Am. St. Rep. 22, is here relied upon; but in the Fisk case the boy had been put to work in the toolroom, and under the directions of the boss of that room. In excess of his authority the boss of that room sent him into another part and department of the shops, there to work, and it was there the boy was injured. It is said : " He was a boss in the toolroom, and as such we may fairly assume he was authorized to control and direct the manner in which the work of that room was to be performed, and all things relating to the order and proper conduct of his branch of the business. . . . . The employment to work in the tool shop was the subject matter, and the control given to Snape and the directions to plaintiff to obey him must be construed with reference to and confined to such subject matter."

In the case at bar the plaintiff pleads and shows that, in the performance of his duties in defendant's factory, he was under the control of and subject to the orders and directions of defendant's assistant foreman, Rodifer. It was in pursuance of Rodifer's order, within the scope of his authority, that plaintiff was injured.

In the case of *Mullin* v. *California Horseshoe Co.*, 105 Cal. 77, the machinist Brunig had general supervision of the boys, and gave them orders and instructions. He put the plaintiff to work as a press boy, and directed him generally about his work until he was

injured.   It was there held that Brunig was the representative of the employer, and not a mere fellow-servant with the one who was injured.

We will not say, under these circumstances, that, between Rodifer in control of the work, and the boy subject to his orders, the relation of fellow-servant existed so as to relieve the employer of liability.

Certain instructions given by the court at plaintiff's request are complained of.   One will serve as an example for all.   It is as follows:   "The owners of dangerous machinery, who employ a minor and inexperienced person about it, unacquainted with its nature and use, are bound to take care that such person is duly instructed therein, and, if they either neglect this, or if express directions are given to use the machinery in a manner which must lead to danger, of which such person is not likely to be fully aware, they are liable for any injury sustained by such person in the use of the machinery in that manner.   The law is not so unreasonable as to expect or require the same maturity of judgment, or the same degree of care or circumspection, in a child of tender years as in an adult."

It is claimed that this instruction is erroneous, in assuming as a fact that the machinery was dangerous; but it is spoken of as a dangerous machine, not because of the claimed defect in the belt and shifter, but because, as a matter of common knowledge, any machine operated by a swiftly moving belt, and containing as parts of its mechanism pulleys and cogs, and used for punching holes in iron, is in and of itself a dangerous machine.   The proposition of law is unassailable.

The complaint averred the appointment of a guardian *ad litem,* and this averment was traversed by the answer. Upon the trial, when plaintiff undertook to make proof of such appointment, the court held the proof to be insufficient, and the appointment void, but permitted plaintiff, over the objection of defendant, to file a new petition, and then and there made its order appointing a guardian *ad litem,* and ordered the trial to proceed.

This is not ground for reversal. The judgment for plaintiff, even without the appointment of a guardian *ad litem*, would not have been void (*Childs* v. *Lanterman*, 103 Cal. 387; 42 Am. St. Rep. 121), and the practice adopted has been approved in *In re Cahill*, 74 Cal. 52.

Plaintiff filed a cost bill in the sum of three hundred and fourteen dollars, and the clerk, without awaiting the determination of defendant's motion to tax costs, entered a judgment for the sum claimed. Defendant moved to vacate the judgment. The court disallowed twenty-two dollars of plaintiff's bill, and allowed costs in the sum of two hundred and ninety-two dollars, and likewise ordered the amount of costs specified in the judgment to be reduced to this amount.

The amount of costs allowed being less than three hundred dollars, the action of the trial court in the matter is not reviewable upon appeal. (*Fairbanks* v. *Lambkin*, 99 Cal. 429.) The clerk's error in entering the judgment for costs was cured by the order of the court reducing the amount, and the refusal to vacate the judgment could have worked no injury to appellant.

The judgment and order appealed from are affirmed, as is also the order of the court refusing to vacate the judgment. The separate appeal from the order taxing costs is dismissed.

McFARLAND, J., and TEMPLE, J., concurred.