[S. F. No. 2059.    Department Two.—June 20, 1902.]

## JAMES JOSEPH MANSFIELD, by his Guardian ad Litem, JAMES MANSFIELD, Appellant, v. EAGLE BOX AND MANUFACTURING COMPANY, Respondent.

Master and Servant—Negligence—Putting Inexperienced Servant at Dangerous Work—Neglect to Instruct and Warn.—It is negligence for an employer to put an inexperienced servant at dangerous work outside the scope of his ordinary employment, without instructing him fully as to the safest method of doing such work, and warning him of his liability to special danger, of which he was not aware.

Id.—Question for Jury—Proximate Cause of Injury—Error in Granting Nonsuit.—In such case the question whether the negligence of the defendant was the proximate cause of the injury to the inexperienced servant is a question of fact which should be left to the jury, and could not be determined by the court as matter of law; and it was error for the court to grant a nonsuit.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.    F. B. Ogden, Judge.

The facts are stated in the opinion.

Fitzgerald & Abbott, for Appellant.

On the uncontradicted testimony, the defendant was negligent in putting the plaintiff at unusually dangerous work, without instruction or warning, and the nonsuit was improperly granted. (Wood's Law of Master and Servant, secs. 349, 350; *Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 261; *Ingerman* v. *Moore*, 90 Cal. 410;[1] *Gisson* v. *Schwabacher*, 99 Cal. 419; *Ryan* v. *Los Angeles etc. Co.*, 112 Cal. 244; *Higgins* v. *Williams*, 114 Cal. 176; *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417; *Foley* v. *California Horseshoe Co.*, 115 Cal. 184;[2] *Verdelli* v. *Gray's Harbor etc. Co.*, 115 Cal. 517, 525; *Clowdis* v. *Fresno Flume etc. Co.*, 118 Cal. 315;[3] *Dunn* v. *McNamee*, 59 N. J. L. 498; *Sullivan* v. *India Mfg. Co.*, 113 Mass. 396; *Hettchen* v. *Chipman*, 87 Md. 729; *Ekendahl* v. *Hayes*, 10 App. Div. 487; 42 N. Y. Supp. 226; *Stuart* v. *West End St. Ry. Co.*, 163 Mass. 391; *Oszkoscie* v. *Eagle Pencil Co.*, 6 N. Y. Supp. 50; *Hickey* v. *Taffe*, 105 N. Y. 26; *Prentiss* v. *Kent Furniture etc. Co.*, 63 Mich. 478; *Swift* v. *Holonbeck*, 55 Neb. 228; *Mackin* v. *Alaska etc Co.*, 100 Mich. 276; *Ogley* v. *Miles*, 139 N. Y. 438; *Williamson* v. *Sheldon Marble Co.*, 66 Vt. 427; *Truntle* v. *North Star Woolen Mills Co.*, 57 Minn. 52; *Downey* v. *Sawyer*, 157 Mass. 418; *Tinkham* v. *Sawyer*, 153 Mass. 485; *Coullard* v. *Tecumseh Mills*, 151 Mass. 85; *McMellan* v. *Union News Co.*, 144 Pa. St. 332; *Probert* v. *Phipps*, 149 Mass. 258; *Penn. Co.* v. *Congdon*, 134 Ind. 226; *Phillips* v. *Michael*, 11 Ind. App. 672; *Casey* v. *Chicago R. R. Co.*, 90 Wis. 113; *Hefferan* v. *P. R. Co.*, 45 Minn. 471; *Anderson* v. *Morrison*, 22 Minn. 274; *Curran* v. *Merchants' Mfg. Co.*, 130 Mass. 374;[4] *Patnod* v. *Warren Mills*, 157 Mass. 283;[5] *Arizona Lumber etc. Co.* v. *Mooney* (Ariz. Apr. 1893), 33 Pac. Rep. 591; *Coombs* v. *New Bedford Cordage Company*, 102 Mass. 572;[6] *O'Conner* v. *Adams*, 120 Mass. 427; *Jones* v. *Florence Mining Co.*, 66 Wis. 268;[7] *Reynolds* v. *Boston etc. R. R. Co.*, 64 Vt. 66;[8] *McElligott* v. *Randolph*, 61 Conn. 157, 165;[9] *McGowan* v. *Mining Co.*, 9 Fed. 861; *Missouri Pac. Ry. Co.* v. *White*, 76 Tex. 102;[10] *Guzzel* v. *Frost*, 3 Fost. & F. 622; Shearman and Redfield on Negli-

[1] 25 Am. St. Rep. 138.
[2] 56 Am. St. Rep. 87.
[3] 62 Am. St. Rep. 238.
[4] 39 Am. St. Rep. 457.
[5] 34 Am. St. Rep. 235.

[6] 3 Am. Rep. 506.
[7] 57 Am. Rep. 269.
[8] 33 Am. St. Rep. 908.
[9] 29 Am. St. Rep. 181.
[10] 18 Am. St. Rep. 33.

gence, 5th ed., sec. 219a.)   A nonsuit should be denied when there is any evidence tending to sustain plaintiff's case without passing upon the question as to the sufficiency of such evidence.   (*Felton* v. *Millard*, 81 Cal. 540; *Zilmer* v. *Gerichten*, 111 Cal. 73.)

A. A. Moore, for Respondent.

The nonsuit was properly granted.   The servant did not exercise ordinary care, and the employer was not responsible. (Civ. Code, secs. 1970, 1971; *Higgins Carpet Co.* v. *O'Keefe*, 79 Fed. 900; *Buckley* v. *Mfg. Co.*, 113 N. Y. 540; *Crown* v. *Orr*, 140 N. Y. 450; *Nagle* v. *Allegheny etc. Ry. Co.*, 88 Pa. St. 35;[1] *Ryan* v. *Armour*, 166 Ill. 568.)

GRAY, C.—This action was brought by an employee of defendant for personal injuries received in defendant's box-factory while plaintiff was operating a rip-saw.   At the conclusion of plaintiff's evidence the court, on motion of defendant, nonsuited plaintiff for want of evidence to establish a case for the jury; and this appeal is from the judgment following the nonsuit and from an order denying plaintiff a new trial.

The contention of appellant is, that the court erred in deciding that, as a matter of law, there was no evidence to sustain plaintiff's case and in taking the case away from the jury.   We think this contention is well founded.

The plaintiff was between eighteen and nineteen years of age, and, though he had worked in the said box-factory some fifteen months before he was hurt, he had had very little experience in running the rip-saw.   As he testifies, that was not his job, and he had run it prior to his injury only on four or five days, ten or fifteen minutes on each day.   When the defendant was short of help and in a rush, its superintendent made the plaintiff run the saw on which he was hurt.   It affirmatively appears from the evidence that the superintendent gave the plaintiff no instructions how to operate the saw on which he was hurt, and no warning as to any danger in running it, and the plaintiff received no instruction or warning concerning it, except such as he derived from observing others operating the saw at brief intervals.   As he testifies:

[1] 32 Am. St. Rep. 413.

"He did n't warn me of any danger. He did n't tell me where any danger was in the saw," and "I did n't see him cut up any on it; never showed me a thing on the saw at all. The rip-saw I operated and which Mr. Hiscock showed me how to cut was different from the one I was finally hurt on." At the instant that plaintiff was hurt he was engaged at a circular rip-saw, about eleven inches in diameter, in cutting boards seven eighths of an inch thick, ten or eleven inches wide, and ten or eleven inches long, into strips three eighths of an inch thick. This he was doing with his hand, pushing the board with his hand on a table against and under the saw, which turned with a downward whirl towards him. The expert evidence, which was uncontradicted, shows that the usual and safer way to do this dangerous work of sawing such short stuff was by means of a stick in the hand, about fourteen to sixteen inches long, with a notch, or shoulder, cut in it, so that it would not slip on the board, the narrow three-eighths strip being pushed past the saw and thrown out of the way with this stick, thus keeping the hand a safer distance from the saw. The experts tell of another way that short boards were handled with comparative safety, by sliding or pushing them against the saw until they were cut half way through, and then pulling them back, turning them round, and cutting through the other half from the opposite end. Common prudence demanded that this inexperienced young man, commanded to work with a dangerous machine, with which he was not at all familiar, should have been fully and specifically instructed in the safest methods of doing this work. To put him to work without these instructions was negligence, and a jury might well have concluded from the facts in evidence that plaintiff's crippled hand was the proximate result of such negligence. It is at least safe to say that the trial court was not warranted in declaring, as a matter of law, that there was no question of fact arising on the evidence presented that came within the province of a jury to determine. "We think it is now clearly settled that if a master employs a servant to work in a dangerous place, or where the mode of doing the work is dangerous and apparent to a person of capacity and knowledge of the subject, yet if the servant employed to do work of such a

dangerous character, or in a dangerous place, from youth, inexperience, ignorance, or want of general capacity, may fail to appreciate the dangers, it is a breach of duty on the part of the master to expose a servant of such character, even with his own consent, to such dangers, unless he first gives him such instructions or cautions as will enable him to comprehend them, and do his work safely with proper care on his part.'' The foregoing from a Wisconsin case is quoted with approval in the three well-considered California cases following: *Ingerman* v. *Moore,* 90 Cal. 410;[1] *Ryan* v. *Los Angeles etc. Co.,* 112 Cal. 244; *Verdelli* v. *Gray's Harbor etc. Co.,* 115 Cal. 517. The last case cited clearly illustrates that it was negligence in the superintendent of defendant to put plaintiff to work at the saw without specific instruction how to work it in the safest way, and warning him as to the liability of the board to slip and of the saw to catch the board, thus throwing the hand onto the saw. The case should have been left to the jury. (*Holloway* v. *Pasadena etc. Ry. Co.,* 130 Cal. 177; *Foley* v. *California Horseshoe Co.,* 115 Cal. 184.[2])

We advise that the judgment and order appealed from be reversed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.

---

[1] 25 Am. St. Rep. 138.          [2] 56 Am. St. Rep. 87.