[S. F. No. 7669. In Bank.—August 5, 1916.]

JOHN GONSALVES et al., Administrators of the Estate of Manuel Gonsalves, Deceased, Respondents, v. PETALUMA AND SANTA ROSA RAILWAY COMPANY (a Corporation), Appellant.

Negligence—Cause of Action for Death of Employee—Action by Personal Representatives.—Section 377 of the Code of Civil Procedure, providing that when the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, in which such damages may be given as under all the circumstances of the case may be just, was not abrogated, so far as concerns actions by the representatives of deceased employees, by the subsequent amendment of section 1970 of the Civil Code, providing that in case of the negligent death of an employee, his personal representatives shall have a right of action therefor against the employer, and may recover damages in respect thereof for and on behalf and for the benefit of the widow, children, and certain enumerated dependent relatives.

Id.—Construction of Code Provisions.—Section 377 of the Code of Civil Procedure still remains in full force and gives the right of action and fixes the measure of recovery in all cases. Section 1970 of the Civil Code is to be construed with section 377, not as superseding it, and so construed it means, that where section 1970 has created rights of action growing out of the relationship of employer and employee, which did not formerly exist, such rights of action by the representatives of an employee who has lost his life, may be prosecuted for the benefit of the class limited and designated in the section itself.

Id.—Negligence of Employer—Failure to Furnish Safe Place to Work.—A cause of action founded upon the employer's neglect in furnishing the employee an unsafe place in which to work is not created by section 1970 of the Civil Code, but is one that exists under the statutory provision of the earlier section 377 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Edwin T. McMurray, for Appellant.

Ornbaun & Fraser, W. B. Rinehart, and Preston & Preston, for Respondents.

HENSHAW, J.—Plaintiffs, suing as administrators of the estate of Manuel Gonsalves, deceased, brought their action against defendant for having negligently occasioned his death by putting him to work in an unsafe place. So far as concerns this appeal the negligence is conceded, it being stated in the transcript that "evidence was introduced by plaintiffs which, for the purpose of any appeal from the judgment herein, defendant admits tended to prove and was sufficient to prove that the death of Manuel Gonsalves was caused by the negligence of defendant." The complaint charged that the deceased at the time of his death was unmarried, that he died intestate, and left surviving him as his sole heirs at law and next of kin Antonio Gonsalves, his father, and Isabell Gonsalves, his mother, "both of whom at the said time of his death were dependent upon him for their support and maintenance." Further the complaint alleged that the action was brought for and on behalf of the deceased's heirs to recover the damage occasioned to them by his death. The jury rendered a verdict for plaintiffs in the sum of one thousand dollars, and they submitted to a reduction and remission of this verdict in the sum of four hundred dollars, upon the suggestion of the court that if this were not done a new trial would be granted. Thereafter defendant appealed.

Section 377 of the Code of Civil Procedure is as follows: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as

under all the circumstances of the case, may be just.'' Section 1970 of the Civil Code formerly read as follows: ''An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employee, or unless the employer has neglected to use ordinary care in the selection of the culpable employee.'' Subsequently this section was amended in important particulars, and as amended was in force at the time Gonsalves met his death and this action was brought. It is not necessary here to do more than to point out that these amendments greatly modified the earlier rules touching the assumptions of risks and nonliability for injuries occasioned by the negligence of a fellow-servant. The section as a whole deals with the question of the indemnification by an employer of an injured employee and of the right of action to the personal representative of an employee who may be killed. Touching this latter matter, the section provides as follows: ''When death, whether instantaneous or otherwise, results from an injury to an employee . . . the personal representative of such employee shall have a right of action therefor against such employer, and may recover damages in respect thereof, for and on behalf, and for the benefit of the widow, children, dependent parents, and dependent brothers and sisters, in order of precedence as herein stated. . . . ''

The court of appeal, which first heard the appeal in this case, held that the dependency of the parents—the heirs at law of the deceased—was not proved, and held further that touching the right of action of an injured employee, or of his representatives in case of his death, the general provisions of section 377 of the Code of Civil Procedure had been superseded by the provisions of section 1970 of the Civil Code, and that as a result, in the case of any and every employee who is killed, a recovery could be had only where dependency was proved.

It was for the consideration of this important question that a hearing before this court was ordered. Heretofore this court has not been called upon to determine the matter. Thus in *Ruiz* v. *Santa Barbara Gas Co.*, 164 Cal. 188, [128 Pac. 330],

we declared that in that case it was immaterial whether it be considered that the action was brought by virtue of section 377 of the Code of Civil Procedure or by section 1970 of the Civil Code.   Again in *Pritchard* v. *Whitney Estate Co.,* 164 Cal. 564, [129 Pac. 989], the only pronouncement of the court upon this subject is that ''So far as injuries arising out of that relation are made actionable where death ensues, where they were not actionable before, section 1970 is now the only statute authorizing the action.''   This of course is a perfectly sound declaration, but it is giving it an unwarranted meaning to say that by it this court even intimated that the general provisions of section 377 of the Code of Civil Procedure were abrogated in every case of actions by the representatives of deceased employees.   Indeed, it would call for very direct and positive language to lead a court to say that the lawmakers in giving the general right of action provided for by section 377 of the Code of Civil Procedure to everybody else and therein declaring that in every such action such damages may be given ''as under all the circumstances may be just,'' meant to deny that right of action and forbid that measure of recovery in the case of representatives of deceased employees, and to declare that as to them there could be no recovery at all unless the heirs of such employees were actual dependents upon them.   But there is no language in our law which prompts, much less which forces, the view that the legislature thus designed to restrict this right of action in cases where the death of an employee had been negligently caused.   Section 377 of the Code of Civil Procedure still remains in full force and gives the right of action and fixes the measure of recovery in all cases.   Section 1970 of the Civil Code is to be construed with section 377, not as superseding it, and so construed it means, as declared in *Pritchard* v. *Whitney Estate Co.,* 164 Cal. 564, [129 Pac. 989], that where section 1970 has created rights of action growing out of the relationship of employer and employee, which rights of action did not formerly exist, such rights of action by the representative of an employee who has lost his life, may be prosecuted for the benefit of the class limited and designated in the section itself.   So construed there is no conflict between the two sections.   This construction, we repeat, is not only reasonable, but uniformly it is the construction which other courts have put upon their laws in cases where the provisions of those laws are similar to

or identical with our own. We need not be at pains to review these authorities at length. It will be sufficient to refer to *St. Germain* v. *Potlatch Lumber Co.,* 76 Wash. 102, [135 Pac. 804]; *Chiara* v. *Stewart Mining Co.,* 24 Idaho, 473, [135 Pac. 245]; *Payne* v. *New York & Susquehanna R. R. Co.,* 201 N. Y. 436, [95 N. E. 19]; *Behringer* v. *Inspiration Con. Copper Co.* (Ariz.), 149 Pac. 165; *Statts* v. *Twohy Bros. Co.,* 61 Or. 602, [123 Pac. 909]; *Colorado Milling Co.* v. *Mitchell,* 26 Col. 284, [58 Pac. 28].

The only question remaining is whether this cause of action, founded upon the employer's neglect in furnishing the employee an unsafe place in which to do his work, is one created by section 1970. But this question readily answers itself. It is not a cause of action created and given by section 1970, but one that has always existed under the statutory provision of the earlier section 377 of the Code of Civil Procedure. (*Hillebrand* v. *Standard Biscuit Co.,* 139 Cal. 233, [75 Pac. 163]; *Sneed* v. *Marysville Gas. Co.,* 149 Cal. 704, [87 Pac. 376]; *Clark* v. *Tulare Dredging Co.,* 14 Cal. App. 414, [112 Pac. 564].)

The judgment and order appealed from are affirmed.

Melvin, J., Lorigan, J., Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.