[S. F. No. 7350.   In Bank.—October 19, 1917.]

JOHN 'TAYLOR, as Administrator, etc., Appellant, v. ALBION LUMBER COMPANY (a Corporation), Respondent.

EMPLOYER AND EMPLOYEE — NEGLIGENCE OF FOREMAN — ACTION FOR DEATH OF EMPLOYEE—EVIDENCE SUFFICIENT.—In an action for the death of a workman who was killed by the explosion of dynamite left over from an unexploded blast in a hole which he was ordered by the foreman to clean out preparatory to a new blast, where it was shown that the foreman, without the knowledge of the deceased, had set off a blast in the hole the night before which had not fully exploded, and that in setting the deceased to work he not only gave him no warning of danger of an explosion but expressly assured him there was no such danger, there was sufficient evidence to go to the jury on the question of negligence.

ID.—FELLOW-SERVANT — FOREMAN — LIABILITY OF EMPLOYER.—A foreman who was employed to superintend the work and give orders to the deceased, who was subject to his orders, was the representative of the employer and not a mere fellow-servant of the deceased, and his negligence was the negligence of the employer.

ID.—DEATH CAUSED BY NEGLIGENCE — STATUTORY RIGHT OF ACTION — DEPENDENCY NOT ESSENTIAL.—The right of action given by section 377 of the Code of Civil Procedure for the benefit of heirs exists regardless of their condition as to dependency, and is not a cause of action created by section 1970 of the Civil Code.

ID.—ALIEN NONRESIDENT AS PLAINTIFF.—That the plaintiff is a nonresident alien is immaterial in an action under section 377 of the Code of Civil Procedure, and the court is not to be understood as intimating that section 1970 of the Civil Code excludes such an alien.

WAR—ALIEN ENEMY—QUESTION FIRST SUGGESTED ON APPEAL.—In an action by an administrator on behalf of the mother as heir of a decedent to recover damages for the latter's death, where the administrator appealed from an erroneous judgment of dismissal, and it was suggested that the appeal must be dismissed because it was claimed that the mother was a nonresident alien enemy, the court refused to dismiss the appeal, because, even conceding the existence of a state of war with Austria-Hungary and the fact of the mother's status as an alien enemy, the rights of a nonresident alien enemy are simply suspended until the cessation of hostilities, and a dismissal of the appeal would be, in effect, an affirmance of the erroneous judgment perpetually barring the mother from pursuing her claim, while a reversal and remand to the lower court will leave the defendant at liberty to urge his objections there by plea or otherwise.

APPEAL from a judgment of the Superior Court of Mendocino County.  J. Q. White, Judge.

The facts are stated in the opinion of the court.

T. E. K. Cormac, Wal J. Tuska, and Thomas & Thomas, for Appellant.

Mannon & Mannon, and Redman & Alexander, for Respondent.

ANGELLOTTI, C. J.—The decedent, Anton Bozich, also known as Anton Bozic, while acting in the course of his employment by the defendant on March 25, 1911, received injuries which caused his death within a few days thereafter. Upon the theory that the injuries causing death were due to the negligence of defendant, this action was brought by the administrator of his estate, on behalf of his mother, Helena Bozic, alleged and shown to be his sole heir at law, and alleged to be wholly dependent upon him for subsistence and support, and damaged by his death.  When at the trial plaintiff concluded his case, a motion for a nonsuit was made by defendant substantially on the grounds, first, that section 1970 of the Civil Code vests no right of action in a nonresident alien; second, that the statute provides for the recovery for the benefit of *dependent* parents only, and that the evidence fails to show that Helena Bozic was a *dependent* parent within the meaning of that section; third, that there was a total insufficiency of the evidence to show any negligence on the part of defendant, etc.  The learned judge of the lower court indicated that he thought the third ground not well taken and the first ground, well taken, but granted the motion on the second ground, viz., that there was no sufficient showing of dependency to go to the jury.  Judgment was accordingly given that the action be dismissed.  We have here an appeal by plaintiff from such judgment.

We are of the opinion that a sufficient case for the jury was made, in so far as the third ground of the motion was concerned, viz., insufficiency of the evidence to show any negligence, etc., on the part of the defendant.  It was admitted that one Walter Kirry was the foreman employed to superintend the work being done by deceased at the time of the accident,

occupying a position superior to him and empowered to direct him in his work and give him orders in connection therewith, and that deceased was subject to his orders.   Deceased and a fellow-workman named Kuharic were engaged in drilling holes for dynamite charges in connection with some blasting that was being done in building a road.   On the day before the happening of the accident they had drilled some holes. The evidence tended to show that after they had left work for the night, Kirry charged the same with dynamite and set off the blasts.   For some reason all of the dynamite in one hole did not explode.   The next morning when the men returned to work the hole was found filled with earth, while the rock around was cracked.   There was testimony to the effect that Kirry instructed them to clean out and deepen the hole for the purpose of another blast, telling them that the night before he had put some dynamite in the hole and lit and exploded it—that the dynamite he had placed therein had been exploded—that the explosion was very weak because he had put in too little powder.   There was evidence further tending to show that the two men had no reason to doubt the statement that the hole was free of unexploded dynamite. They proceeded to clean out the hole, first with a spoon to remove the loose dirt, and then, because they could accomplish nothing further with the spoon, using a drill, which one held while the other struck it with a hammer.   The drill came in contact with the unexploded dynamite and the explosion followed.   Accepting this evidence as true, which we must do in considering the merits of the motion for a nonsuit, it appears that Kirry set these men at this dangerous task, not only without warning them of any danger of an explosion, but with the express assurance that there was no such danger because he himself had exploded the dynamite the night before, and that the failure of the blast was due to the fact that he had not put in enough dynamite.   Certainly the jury would be warranted in concluding that Kirry was negligent in this matter.   His negligence would be the negligence of his employer, the defendant, for in this matter he was the representative of his employer and not a mere fellow-servant.   (See *Foley* v. *California Horse Shoe Co.,* 115 Cal. 194, [56 Am. St. Rep. 87, 47 Pac. 42].)   We think the observation of the trial judge to the effect that plaintiff had

made a sufficient case for the jury in so far as this ground of the motion was concerned, was well based.

As to the second ground of the motion. The case appears to have proceeded to this point upon the theory that the only right in the mother of deceased to damages for the death of her son, although such death was caused by the neglect of his employer, is such right as is given by section 1970 of the Civil Code. That section provides for an action in the cases covered thereby, by the personal representative of the employee, for damages for the benefit, in the absence of wife or children, of *"dependent* parents" of the employee. It was claimed by defendant and held by the trial court that there was no sufficient showing of dependency on the part of the mother. This was the very point made in the case of *Gonsalves* v. *Petaluma & Santa Rosa Ry. Co.*, 173 Cal. 264, [159 Pac. 724], where dependency was not shown, and where it was claimed, in view of the provisions of section 1970 of the Civil Code, that such a showing was essential to a recovery for the benefit of a parent. Undoubtedly this would be true if the parent's right is to be determined solely with reference to such section. But it was held in that case that section 377 of the Code of Civil Procedure, giving a right of action to the heirs or personal representatives of a person, not a minor, whose death is caused by the wrongful act or neglect of another, against such person, or if such person be employed by another who is responsible for his conduct, then also against such other person, in which action "such damages may be given as under all the circumstances of the case may be just," was not in any way superseded by the provisions of section 1970 of the Civil Code, and that a personal representative of a deceased employee might successfully maintain the action provided by section 377 of the Code of Civil Procedure, in every case where a right existed independent of certain amendments to section 1970 of the Civil Code, made in the year 1907 (Stats. 1907, p. 119). It was pointed out that these amendments greatly modified the earlier rules touching the assumption of risks and nonliability for injuries occasioned by the negligence of a fellow-servant, giving a right of recovery in such cases under circumstances where no such right before existed. It was said: "Section 1970 of the Civil Code is to be construed with section 377, not as superseding it, and so construed it means, as declared in

*Pritchard* v. *Whitney Estate Co.*, 164 Cal. 564, [129 Pac. 989], that where section 1970 *has created* rights of action growing out of the relationship of employer and employee, *which rights of action did not formerly exist* (the italics are ours), such rights of action by the representative of an employee who has lost his life may be prosecuted for the benefit of the class limited and designated in the section itself.'' As to other rights of action, viz., those not *created* by the amendments to section 1970 of the Civil Code, but which existed prior to such amendments, the limitations of section 1970 of the Civil Code have no effect. In that case the cause of action was founded on the employer's neglect in furnishing the employee a safe place in which to work, and it was held that such a cause of action was not one created and given by section 1970 of the Civil Code, but one that had always existed under section 377 of the Code of Civil Procedure, and that consequently proof of dependency on the part of the parents was not essential to a recovery.

There can be no doubt that in the matters constituting the basis of plaintiff's claim, Kirry was acting as the representative of his employer. Just as in the Gonsalves case, 173 Cal. 264, [159 Pac. 724], the alleged negligent omission was in the matter of using reasonable care in furnishing to the employee a safe place in which to work. The employer cannot escape liability by a delegation of such a duty to another employee. The foreman to whom the duty was delegated here was the representative of the employer, and any negligence on his part was the negligence of the employer. (See *Foley* v. *California Horse Shoe Co.*, 115 Cal. 194, [56 Am. St. Rep. 87, 47 Pac. 42] ; *Skelton* v. *Pacific Lumber Co.*, 140 Cal. 511, [74 Pac. 13]; and cases there cited.) The Gonsalves case explicitly decides that for such negligence section 377 of the Code of Civil Procedure has always given an action, and that it is not a cause of action created by section 1970 of the Civil Code. The action given by section 377 of the Code of Civil Procedure is one for the benefit of ''heirs'' of the employee, and lies, regardless of their condition as to dependency, for any pecuniary loss they may suffer by reason of the death. (See *Hillebrand* v. *Standard Biscuit Co.*, 139 Cal. 236, [73 Pac. 163].) As said in *Sneed* v. *Marysville etc. Co.*, 149 Cal. 710, [87 Pac. 379]: ''This pecuniary loss may be either a loss arising from the deprivation of something to which such

heirs would have been legally entitled if the person had lived, or a loss arising from a deprivation of benefits which, from all the circumstances of the particular case, it could be reasonably expected such heirs would have received from the deceased had his life not been taken, although the obligation resting on him to bestow such benefits on them may have been a moral obligation only.''

The second ground of motion for nonsuit was without merit. That the mother is a nonresident alien is, in our opinion, altogether immaterial. Certainly section 377 of the Code of Civil Procedure makes no exception in this regard. Whether section 1970 of the Civil Code fails to cover the case of a nonresident alien, the question raised by the first ground of the motion for a nonsuit is immaterial here in view of the fact that the action may be sustained as one under section 377 of the Code of Civil Procedure, but we are not to be understood as intimating that section 1970 of the Civil Code excludes such an alien.

The complaint in this case alleged all the facts essential to the cause of action created by section 377 of the Code of Civil Procedure, and the evidence made a sufficient *prima facie* case in that regard. Under these circumstances we may not shut our eyes to this and affirm the judgment which is obviously erroneous, simply because counsel for plaintiff have not relied on this section. It is only just to them as well as to the learned judge of the trial court to note that the Gonsalves case was not decided by this court until after the trial of this cause and the writing of the briefs upon which the cause was originally submitted for decision upon the appeal.

In the petition for a hearing in this court after decision by the district court of appeal, it was suggested that the appeal must be dismissed because the mother of deceased is a subject and resident of Austria-Hungary, and hence, it is claimed, a nonresident alien enemy. An alien enemy is one with whose country the United States is at war. (2 Corpus Juris. 1043.) The judgment appealed from was given on June 11, 1914, nearly three years prior to the beginning of our participation as a belligerent in the present war, and of course the record here shows nothing in this behalf. There has, as yet, been no declaration by either nation of a state of war between the United States and Austria-Hungary, our declaration being limited to Germany. We may concede that a state of

war may in fact exist between two nations without any official declaration to that effect by either nation. Whether such is the existing situation as between the United States and Austria-Hungary we do not feel called upon to determine on this appeal. Even if we could properly conclude upon the record and the facts of which we can take judicial notice that a state of war does exist between the two governments, and that the mother is a nonresident alien enemy within the meaning of the rule precluding actions and recoveries by or for persons in that class, a dismissal of plaintiff's appeal would not be proper. Those facts would not warrant a forfeiture of the mother's right of action. The rights of a nonresident alien enemy are simply suspended until the cessation of hostilities. (See *Hutchinson* v. *Brock*, 11 Mass. 119; also, 40 Cyc., p. 328, and notes.) A dismissal by us of the appeal would be in effect an affirmance of the judgment against the mother, perpetually barring her from pursuing her claim. The judgment against her is erroneous. It should be reversed and the cause remanded to the lower court, where defendant will be at liberty to urge such objections in this regard, by plea or otherwise, as it sees fit.

The judgment is reversed.

Sloss, J., Shaw, J., Melvin, J., Henshaw, J., and Lawlor, J., concurred.

Rehearing denied.