[Civ. No. 2553.   First Appellate District, Division One.—December 14, 1918.]

## TOVINA SOTO, Respondent, v. SPRING VALLEY WATER COMPANY (a Corporation), Appellant.

Negligence—Doctrine of Res Ipsa Loquitur.—When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.

Id.—Death of Employee of Construction Company—Wrecking of Structure by Scraper—Applicability of Doctrine.—The doctrine of *res ipsa loquitur* is applicable to an action for damages for the death of an employee of a company engaged in the construction of a dam, where the engine and scraper used in connection with the work were, for some unexplained reason, so operated that the

scraper instead of dumping where it should have, was dragged too far by the cable attached thereto, and as a consequence crashed into the structure of timbers under which the deceased was working and he was killed in the wreck.

Id.—Pleading—Specific Acts of Negligence—Right to Rely upon Doctrine—Absence of Waiver.—In such action the plaintiff is not prohibited from relying upon the doctrine because she alleged specifically negligence in the operation of the machinery and defects in the strength of the timbers.

Id.—Instruction—Cause of Accident—Burden of Proof.—An instruction that the plaintiff was not required to show particularly what the specific act of negligence was which produced the accident, but was only required to show that the accident was one which ordinarily would not occur had due care been employed, whereupon the burden shifted to defendant to show its freedom from negligence, is a correct statement of the law.

Id.—Accident from Want of Care—Evidence.—An instruction that when a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant that the accident arose from want of care, was applicable to the facts of this case.

D.—Action by Mother for Death of Son—Evidence—Dependency—Theory of Case.—In an action by a mother for damages for the death of her son, where the trial proceeded upon the theory that it fell within the scope of section 1970 of the Civil Code and of sections 1 and 2 of the Roseberry Act, which was in force at the time of the accident, the plaintiff was properly permitted to testify that the deceased was her only support.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gillett & Cutler for Appellant.

Louis Oneal and Geo. K. Ford for Respondent.

BEASLY, J., *pro tem.*—Herbert Soto, son of the plaintiff, Tovina Soto, was killed while in the employ of defendant, and his mother had judgment in this action for damages for his death. Defendant appeals from this judgment.

One eye-witness furnished all of plaintiff's evidence of the tragedy, and, taken with the admissions of the pleadings and certain formal evidence of two relatives of the deceased, this testimony supplies all the facts before the court in the case, no evidence being offered for the defendant.

The facts are as follows: On the second day of November, 1913, and for a long time prior thereto, the defendant was engaged in the construction of a dam in the Calaveras Valley in Santa Clara County, and in connection with the work operated a stationary steam-engine which rotated a drum, on which ran a wire cable. This cable was attached to a metal scoop, or scraper, which it pulled back and forth over a gravel pit to the top of a sieve, or screen, supported by timbers. On the last-named date, the defendant was employed moving rock under this structure. Velasquez, the only eye-witness, testified that he was driving a team of mules at about 8 o'clock in the evening, and had reached a switch of the track on which the scraper operated, but he did not see the scraper at the time, but heard a noise and went over to the structure under which the deceased was working. He found the scraper attached to the cable which pulled it. It had not stopped at the point where it usually dumped the gravel, but had gone beyond that point, and, coming in contact with the structure which the witness called the "square," as he said, "it busted the square," which fell, crushing the deceased under the timbers. It will thus be seen that the engine and the scraper, which were operated by the defendant company, were, for some unexplained reason, so operated in an unusual manner, that instead of dumping where it should have dumped, the scraper crashed into the structure of timbers, under which the deceased was working, and wrecked it.

Appellant insists that this does not show negligence on the part of the defendant, but that negligence must be specifically shown, that is to say, that it must be shown that the scraper was negligently operated by some specific evidence of the carelessness of the person operating it, or by some evidence of defective machinery, before the judgment can be had against the defendant.

With this we cannot agree, as we agree with the respondent that this is a case to which the maxim *res ipsa loquitur* applies. That maxim, translated, means simply that the thing or affair speaks for itself, and as applied to cases of alleged negligence,

the rule is, that when a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care. (*O'Connor* v. *Mennie,* 169 Cal. 217, [146 Pac. 674].)

No reasonable inference seems possible, except that this apparatus, had it been properly operated, would have been safe, and that its improper operation was due to the negligence of somebody or to some defect in the machinery, undisclosed to and undiscoverable by the deceased, and known, if known to anybody, to the defendant's employees.

Defendant claims, however, that as the complaint alleged specifically negligence in the operation of this machinery, and defects in the strength of the timbers, that the plaintiff cannot invoke the doctrine of the maxim; and further contends that the evidence showed the specific cause of the accident, and that, therefore, the maxim may not be invoked, and certain authorities are cited which are claimed to support this contention. We think, however, that this question is foreclosed in this state by the doctrine of the case of *Lippert* v. *Pacific Sugar Corporation,* 33 Cal. App. 198, [164 Pac. 810]. It may be added that in this case the real moving cause of this accident is not shown. It is true that it appears that the scraper, for some reason, was dragged too far by the cable, thus wrecking the timbers, but this is only the result of some other cause which must have been the underlying reason for the accident. This underlying cause is not proven, but it does seem to us that nothing could be clearer than that somebody's carelessness must have caused it.

Complaint is made by the appellant of an instruction to the jury, a portion of which is as follows: "Plaintiff is not required to show particularly what the specific act of negligence was which produced the accident, but is only required to show that the accident is one which would not ordinarily occur had due care been employed. The burden then shifts to the defendant to show its freedom from negligence."

The instruction is copied from language used by the court in the case of *Faras* v. *Lower California Co.,* 27 Cal. App. 695, [151 Pac. 35], and while the facts of that case are not exactly the same as those before the court in this case, we think the

instruction correctly states the law applicable to the facts here.

Another instruction of which defendant complains is as follows: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The language is the language of the case of *O'Connor* v. *Mennie,* 169 Cal. 223, [146 Pac. 674], and is quoted as an abstract proposition from Shearman and Redfield on Negligence. It is contended that it does not apply to this case, but it seems to us to be exceedingly apt in its application to the facts in evidence here.

Defendant asked certain instructions, which the court refused. They are all to the effect that the burden of proof was upon the plaintiff to prove negligence, which is correct so far as it goes,—but they all went a little further than this and the court, had it given them, would have led the jury to think that the facts proven were not, even in the absence of explanation, sufficient to support a verdict. They were, therefore, properly refused, for their effect was to say that the maxim *res ipsa loquitur* did not apply. Several errors of law are called to the court's attention. They will be briefly noticed. Velasquez was asked about a visit to the scene of the accident with a brother of deceased, which occurred three or four days after the accident happened. Objection was made to this evidence on the ground that no foundation had been laid for it. The testimony elicited by the question was harmless, even if it was inadmissible. He testified that he was not able to identify the timbers which he found on this visit, and when asked whether the timbers were new or old, he said he did not know, that they were very black, but were not painted.

Another error, which appellant claims the court committed, was in permitting the mother of the deceased, who was the plaintiff in the action, to testify that her deceased son was the only support she had. From the pleadings in the case, and the instructions offered by the parties, it seems clear that the trial proceeded from the beginning upon the theory that it fell within the scope of section 1970 of the Civil Code,

and of sections 1 and 2 of the Roseberry Act, which was in force at the time of the accident. The mother could only have recovered under section 1970 of the Civil Code as it stood at that time, if she was dependent upon the deceased for her support. (*Taylor* v. *Albion Lumber Co.*, 176 Cal. 347, [L. R. A. 1918B, 185, 168 Pac. 348]; *Gonsalves* v. *Petaluma & Santa Rosa Ry. Co.*, 173 Cal. 264, [159 Pac. 724]; *Balaklala Consol. Copper Co.* v. *Reardon*, 220 Fed. 584, [136 C. C. A. 186].)

It seems to us that there is no error in this record sufficient to warrant a reversal of the case.

Judgment is affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1919.

All the Justices concurred.