[Civ. No. 3505. First Appellate District. Division One.—October 5, 1920.]

EDITH M. MURRAY, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

[1] NEGLIGENCE — INJURY TO STREET-CAR PASSENGER — ACTION FOR DAMAGES—SUFFICIENCY OF COMPLAINT.—In an action against a street railway company for damages for personal injuries sustained while a passenger on one of defendant's cars, a complaint alleging that plaintiff was such passenger on a certain car, that said car was stopped by defendant on a designated curve for the purpose of enabling passengers to alight therefrom, that after the car was

thus stopped plaintiff arose from her seat within the car for the purpose of walking to the end thereof and alighting therefrom, and after she had thus arisen and was about to walk toward the end of the car to alight therefrom the defendant "negligently and carelessly and without allowing said plaintiff sufficient time to walk toward the end of said car to alight therefrom, suddenly started said car, and then and there and by reason thereof caused said plaintiff to lose her balance and fall with great force and violence upon the floor of said car," from which she received the injuries complained of, sufficiently states a cause of action, and a general demurrer thereto is properly overruled.

[2] Id.—Negligent Starting of Car—Sufficiency of Evidence—Directed Verdict.—Whether a sudden jerky and jolting method of starting the car in such case after it had been stopped for the purpose of enabling passengers to alight and while passengers were in the act of alighting was or was not negligence on the part of the defendant was clearly a question for the jury, and defendant's motion for a directed verdict was properly denied.

[3] Id.—Burden of Proof—Res Ipsa Loquitur—Instructions. — In an action against a street railway company for damages for personal injuries sustained while a passenger on one of the defendant's cars, the jury is properly instructed that proof of an injury to a passenger caused by the operation of the defendant's car casts upon the defendant the burden of proving that the injury was occasioned by inevitable casualty or contributory negligence.

[4] Id.—Cause of Injuries—Burden of Proof — Instructions. — In such an action, the jury having been instructed that the plaintiff, as a prerequisite to her recovery, was compelled to prove by a preponderance of evidence that her injuries were the direct result of the defendant's negligence in the sudden starting and jerky operation of the car, it was not error to refuse to give a further requested instruction to the effect that the plaintiff could not recover if her fall resulted from the jerking and swaying of the car incident to its ordinary operation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action for damages for personal injuries alleged to have been sustained by plaintiff while a passenger on one of the defendant's cars.

[1] The first contention of the appellant is that the trial court erred in overruling the defendant's general demurrer to the plaintiff's amended complaint. The averments of said complaint are, in substance, that on the fourth day of March, 1915, said plaintiff was a passenger upon one of the defendant's cars being run and operated by it in an easterly direction from Sansome Street to the Embarcadero, in San Francisco; that when said car reached the Embarcadero it was run or operated around the curve or loop in defendant's tracks at that point, and while on said curve or loop was stopped by said defendant for the purpose of enabling passengers to alight therefrom; that after said car had been stopped by said defendant for said purpose the plaintiff arose from her seat within said car for the purpose of walking to the end thereof and alighting therefrom, and that after she had thus arisen and was about to walk toward the end of said car in order to alight therefrom the defendant "negligently and carelessly and without allowing said plaintiff sufficient time to walk toward the end of said car to alight therefrom, suddenly started said car, and then and there and by reason thereof caused said plaintiff to lose her balance and fall with great force and violence upon the floor of said car," from which she received the injuries complained of. We are of the opinion that these averments sufficiently state a cause of action, and hence that there is no merit in the appellant's first contention, and that its demurrer upon that ground was properly overruled.

[2] The appellant's next contention is that the trial court erred in refusing to grant defendant's request for an instruction directing a verdict in favor of the defendant because of the insufficiency of the evidence to establish negligence. The appellant's argument in support of this contention, after quoting extracts from the testimony of the plaintiff and of her main witness as to the facts respecting the stopping and sudden starting of the defendant's car, proceeds to claim that the evidence thus given consisted merely in conclusions of these two witnesses in regard to the start-

ing of the defendant's car and as to the series of jerks accompanying and immediately following the starting of the car by which the plaintiff was caused to lose her balance and to fall upon the floor of the car. We do not so read this evidence, but, on the contrary, think it relates quite vividly and circumstantially the action of said car by the suddenness and jerkiness and jolting of which the plaintiff was caused to fall. Whether this method of starting a car after it had been stopped for the purpose of enabling passengers to alight and while passengers were in the act of alighting was or was not negligence on the part of the defendant was clearly a question for the jury. None of the cases cited by appellant in support of this contention are predicated upon facts as vividly and circumstantially related as are the facts in the instant case. The trial court, therefore, properly denied the defendant's motion for a directed verdict. (*Renfro* v. *Fresno City Ry. Co.*, 2 Cal. App. 317, [84 Pac. 357]; *Babcock* v. *Los Angeles Traction Co.*, 128 Cal. 174, [60 Pac. 780].)

[3] The next contention of the appellant is that the trial court erred in instructing the jury that proof of an injury to a passenger caused by the operation of defendant's car cast upon the defendant the burden of proving that the injury was occasioned by inevitable casualty or contributory negligence. The instructions of which the appellant complains are the following:

"In order to make out a *prima facie* case against defendant, United Railroads of San Francisco, in this action it is sufficient for the plaintiff, Edith M. Murray, to show that at the time she sustained the injuries, if any, of which she complains, she was a passenger upon one of the cars of, and being operated by the defendant on the Embarcadero, in the city and county of San Francisco, and that said injuries, if any, were sustained by her by reason of her being thrown to the floor of said car by the sudden starting of said car by said defendant, United Railroads of San Francisco, after said car had been stopped for the purpose of enabling plaintiff to alight therefrom. The law does not impose upon plaintiff, Edith M. Murray, the duty of showing that at the time of said accident she was free from fault, or did not contribute by her own negligence to the injuries, if any, of which she complains."

49 Cal. App.—30

"Contributory negligence on the part of a passenger cannot be presumed from the mere fact of injury, but must be proved. On the other hand, the proof· of an injury to a passenger on a car of a common carrier, caused by the operation of the car, casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty, or some other cause which human care and foresight could not prevent, or by the contributory negligence of the passenger, unless the proof on the part of the passenger tends to show that the injury was occasioned by the contributory negligence of the passenger, or by inevitable casualty, or by some other cause which human care and foresight could not prevent."

The first objection which the appellant urges against the above instructions is that they constitute an attempt on the part of the trial court to charge the jury with respect to matters of fact in violation of the provisions of section 19, article VI, of the state constitution. We do not think the instructions above quoted are subject to this objection. They differ materially, both in form and substance, from the instructions in the case of *Quint* v. *Dimond,* 147 Cal. 707, [82 Pac. 310], upon the criticism of which by the supreme court the appellant relies to sustain this point. On the other hand, the foregoing instructions, and particularly the latter portion thereof relating to contributory negligence, are cast in a form which has ·been quite frequently used in recent cases and which has been expressly approved by the supreme court in the cases of *Steele* v. *Pacific Electric Ry. Co.,* 168 Cal. 375, [143 Pac. 718] ; *Wyatt* v. *Pacific Electric Ry. Co.,* 156 Cal. 174, [103 Pac. 892] ; *McCurrie* v. *Southern Pacific Co.,* 122 Cal. 558, [55 Pac. 324] ; *Housel* v. *Pacific Electric Ry. Co.,* 167 Cal. 245, [Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105, 139 Pac. 73], and, finally, by the supreme court in denying the petition for rehearing in the case of *Bourguignon* v. *Peninsular Ry. Co.,* 40 ·Cal. App. 689, [181 Pac. 669]. In each of the foregoing cases the application of the doctrine of *res ipsa loquitur* to cases where the plaintiff was a passenger of a common carrier has been fully upheld. It is not necessary, therefore, to comment upon the cases cited by the appellant from other jurisdictions relating to the applicability of this rule to the facts of the case at bar.

[4] The next contention of the appellant is that the court erred in refusing to give an instruction requested by it to the effect that the plaintiff could not recover if her fall resulted from the jerking and swaying of the car incident to its ordinary operation. While the instruction in the form requested might well have been given, we think that its subject matter is fully covered by the other instructions which the court did give, in some instances at the defendant's request, and by which the jury were fully informed that the plaintiff, as a prerequisite to her recovery, was compelled to prove by a preponderance of evidence that her injuries were the direct result of the defendant's negligence in the sudden starting and jerky operation of its car.

As to the other of the defendant's objections to the form and substance of the instructions which were given to the jury, we are of the opinion that the instructions, taken as a whole, contained a full and fair statement of the law applicable to cases of this character, and that they were not subject to the objections repeatedly directed against them by the appellant, to the effect that they constituted an invasion of the province of the jury through being instructions as to matters of fact.

Having thus disposed of the various contentions urged by the appellant we are of the opinion that the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Kinsell, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 2, 1920.

All the Justices concurred.