[Civ. No. 8464.   First Appellate District, Division Two.—November 10, 1932.]

S. M. PORTER, Respondent, v. EDNA RASMUSSEN, Appellant.

Myron Harris and John Jewett Earle for Appellant.

Ford & Johnson and Fletcher. A. Cutler for Respondent.

NOURSE, P. J.—Plaintiff sued for personal injuries sustained when struck by an automobile of the defendant, Edna M. Rasmussen. The cause was tried with a jury, which returned a verdict in favor of plaintiff in the sum of $7,902.71. The defendant, Edna M. Rasmussen, has appealed upon typewritten transcripts.

Plaintiff was employed by the Pacific Telephone and Telegraph Company in digging a trench on Broadway Street in the City of Oakland, his duty consisting of the operation of an appliance termed an "air gun", used for the purpose of cutting an opening in the paved surface of the street. In the block where plaintiff was employed on March 31, 1931, Broadway slopes at a grade of about 10.4 per cent. While he was so employed the appellant parked her automobile, headed southerly, at a point about 235 feet northerly of the point where plaintiff was at work, this point being approximately at the top of the grade of the street in that block. Defendant left her automobile unattended and went across the street. The automobile rolled down the grade and struck plaintiff while he was engaged in operating the air-gun facing in the direction opposite from that whence the automobile proceeded.

On her appeal the appellant criticises the instructions of the trial court applying the doctrine of *res ipsa loquitur* and the instructions relating to her defense of contributory negligence. She also urges that the damages are excessive. The point relating to the instructions covering the *res ipsa loquitur* doctrine is confined to the rule that when

the complaint alleges a specific act of negligence and does not plead negligence in general terms, the pleader is limited to the acts pleaded and may not rely on the *res ipsa loquitur* doctrine. ■ The complaint alleged "that at the time the defendants parked said automobile, as aforesaid, they so carelessly and negligently applied the brakes of said automobile as to permit the said automobile to roll down said slope . . . and to strike plaintiff . . . " In another part of the complaint it was alleged: "That by reason of the said striking and dragging of the plaintiff, as aforesaid, caused through the negligence of the defendants in failing to properly apply the brakes on said automobile, plaintiff sustained as a proximate result thereof the following injuries . . . " This is the full extent of the pleading in so far as negligence on the part of the defendants is charged. There is no general pleading and no language which would justify a claim that any negligence other than in the setting of the brakes was relied on. With the cause tried on the issue so framed, the trial judge, on request of the plaintiff, instructed the jury as follows: "If it is shown that the defendant left her automobile unattended on a street at a point where there was a considerable down-grade, and that shortly after leaving it the automobile started down the street, gained considerable momentum and ran into the plaintiff, without fault upon his part, the jury is entitled to infer and from such inference find the fact to be that the injury sustained by plaintiff was the proximate result of negligence upon the part of the defendant in the manner in which she left her car or automobile upon the street."

The error of these instructions cannot be denied. In *Connor* v. *Atchison, T. & S. F. R. Co.*, 189 Cal. 1, 5 [207 Pac. 378, 379, 26 A. L. R. 1462], our Supreme Court said: "The general rule is that where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff, instead of relying on a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply." In *Marovich* v. *Central Cal. Traction Co.*, 191 Cal. 295, 306 [216 Pac. 595, 600], the court, applying the same rule, said: "It is clear that where the plaintiff in his complaint makes no general allegation of negligence, or no allegation of general negligence, instruc-

tions applying the doctrine of *res ipsa loquitur* should not be given. This must be so for the reason that in such cases the plaintiff can recover only upon proof of one or more of the specific acts or omissions alleged in his complaint.'' (Numerous authorities are cited to the point which need not be repeated here.) The Marovich case was followed in *McKeon* v. *Lissner*, 193 Cal. 297, 308 [223 Pac. 965], *Jianou* v. *Pickwick Stages System*, 111 Cal. App. 754, 757 [296 Pac. 108], *Ingledue* v. *Davidson*, 102 Cal. App. 697, 702 [283 Pac. 837], and *Damgaard* v. *Oakland High School District*, 212 Cal. 316, 319 [298 Pac. 983]; and, so far as we have been able to discover, has not been departed from. The reason for the rule is well expressed in the Jianou case, where it is said (p. 756) : ''The very hypothesis of the doctrine (*res ipsa loquitur*) is that the plaintiff has no knowledge of just what caused the accident, and that since the instrumentality by means of which the accident occurred is solely within the control of the defendant, negligence will be inferred upon proof of a *prima facie* case, in the absence of an adequate explanation on the part of the defendant exempting him from liability.''

In defense of the instructions the respondent cites *Smith* v. *Hollander*, 85 Cal. App. 535, 538 [259 Pac. 958], *Latky* v. *Wolfe*, 85 Cal. App. 332, 349 [259 Pac. 470], *Soto* v. *Spring Valley Water Co.*, 39 Cal. App. 187, 190 [178 Pac. 305], *Vertson* v. *City of Los Angeles*, 116 Cal. App. 114, 123 [2 Pac. (2d) 411], *Cookson* v. *Fitch*, 116 Cal. App. 544, 548 [3 Pac. (2d) 27], *Burke* v. *Dillingham*, 84 Cal. App. 736, 739 [258 Pac. 627], *Atkinson* v. *United Railroads*, 71 Cal. App. 82, 95 [234 Pac. 863], *Seney* v. *Pickwick Stages*, 82 Cal. App. 226, 230 [255 Pac. 279], *Michener* v. *Hutton*, 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480], and other cases which do not require mention. No one of the cases cited has any bearing upon the point at issue. They may be segregated into two groups, one holding that when a complaint pleads negligence in general terms and also pleads specific acts of negligence, the pleader is not deprived of his right to rely upon the *res ipsa loquitur* doctrine. The other group of cases cited by respondent includes those which merely hold that under certain circumstances the doctrine is applicable, and in these cases the question whether the complaint was general or specific was not raised and does

not appear from the decisions. No case cited by respondent holds that in the absence of a general pleading of negligence where the complaint pleads and relies upon specific acts the pleader may without amendment avail himself of the doctrine. Authorities from other jurisdictions may be cited to this point, but, so far as the rule in this state is concerned, we are bound by the Marovich and similar cases. (See note in 79 A. L. R., Ann., pp. 48, 71.)

It cannot be doubted that the appellant suffered prejudice by the application of this doctrine through these instructions. The plaintiff manifestly relied upon the specific charge of the negligent application of the brakes. The undisputed evidence is that before leaving her car she did apply the brakes ''tightly''; that the automobile had rolled down the street at an approximately uniform rate of speed, had crashed into another car parked at the bottom of the grade, and had careened upon the sidewalk; that a witness entered the appellant's car and found the brakes set; that this witness released the brakes, started the motor, and backed the car off from the sidewalk and then left the car; that *after this was done* a witness called by the plaintiff came from the place where plaintiff had been working down to the parked car and then for the first time examined the condition of the brakes. This witness testified that the brakes were not then set. Another witness joined him at the same time and gave similar testimony. It is upon the testimony of these two witnesses that plaintiff relies to prove the allegations of his complaint and to show a conflict in the testimony of those witnesses who were actually in a position to see and to know the condition of the brakes at the time in issue. There is no conflict and no evidence of negligence to support the verdict unless the inference growing out of the *res ipsa loquitur* doctrine is made use of.

We are not in accord with appellant's criticism of the following instruction relating to the duty of the plaintiff to keep a lookout: ''A person who by reason of his occupation is required to work in that portion of the public street traveled by automobiles in the absence of warning to him, is not required constantly to keep a sharp lookout from behind to see whether a machine is approaching. Such a person is not required to keep a constant lookout for approaching vehicles.'' At the time of the injury plaintiff

was working with other men at a point about sixteen feet from the westerly curb of Broadway, protected by signs on sawhorses upon which were the words "street closed", "men at work", and also some red flags. Plaintiff had no reason to anticipate that an automobile would come down the hill without a driver who could see these signs of danger. To hold that a workman under such circumstances would be guilty of contributory negligence as a matter of law if he failed to keep a constant lookout for vehicles approaching him from behind would be contrary to the authorities. (*State Compensation Ins. Fund* v. *Scamell*, 73 Cal. App. 285, 290 [238 Pac. 780].)

We do not discuss the point that the verdict was excessive as the cause must be returned for a new trial.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 9, 1933.

Seawell, J., dissented.