[Civ. No. 10139.   First Appellate District, Division Two.—February 8, 1937.]

THOMAS McCOLE, a Minor, etc., et al., Respondents, v. MERCHANTS EXPRESS CORPORATION (a Corporation) et al., Appellants.

Weinmann, Quayle & Berry for Appellants.

William H. Hollander and I. Richard Gladstein for Respondents.

NOURSE, P. J.—Plaintiffs sued for personal injuries, and defendants had a verdict. The trial court granted plaintiffs' motion for a new trial upon the ground that the evidence was insufficient to justify the verdict. The appeal is from that order.

Plaintiff, a boy of about nine years, while sitting on a garbage can on the sidewalk area was struck and injured by a heavy roll of paper which had fallen off defendants' truck which was passing along the street. No witness testified to any negligent loading or operation of the truck, and the cause of the accident was left unexplained except for defendants' testimony as to the manner of loading the rolls of paper on the truck before it left defendants' place of business. The driver was shown to have had no part in the loading or care of the load—his single duty was to drive the truck which had been loaded for him by other employees of the defendant corporation.

The principal question involved here is whether there was any evidence which would have justified a verdict for the plaintiffs. They rest upon the doctrine of *res ipsa loquitur,* the instruments causing the injuries having been in the exclusive possession and control of the defendants. It is conceded that this theory justifies the order if, under the pleadings and facts of this case, the doctrine is applicable. The complaint pleaded in general terms the negligent operation

and control of the truck. It also pleaded in specific terms the negligent failure to secure and tie the paper rolls on the truck. The *res ipsa loquitur* doctrine is available to a plaintiff who pleads negligence in general as well as in specific terms. (*McComas* v. *Al. G. Barnes Shows Co.*, 215 Cal. 685 [12 Pac. (2d) 630].) We followed this rule in *Porter* v. *Rasmussen*, 127 Cal. App. 405 [15 Pac. (2d) 888], where we said that the doctrine does not apply when the complaint alleges "only" a specific act of negligence.

When the plaintiffs showed that the instruments causing the injury were under the exclusive management of the defendants and that the accident was one which ordinarily would not happen if due care is used, the application of the *res ipsa loquitur* doctrine afforded reasonable evidence to support a verdict for the plaintiffs against both defendants. The evidence of the defendants tending to explain away the charge of negligence on their part created at the most a conflict which the jury, in the first instance, was called upon to determine. The fact that the jury determined this question in favor of the defendants does not support a charge that the trial court abused its discretion when it granted a new trial.

Though the conflict in the evidence is not appreciable, and the proof seems to bear strongly to one of the parties, nevertheless, the probative value of the evidence is a question within the determination of the trial court in a proceeding on motion for a new trial. And it may be taken as a settled principle that, when the evidence of the plaintiffs and the inference of negligence arising from the *res ipsa loquitur* doctrine present a case which would sustain a verdict for the plaintiffs, the trial court may disagree with the conclusion of the jury and grant a new trial.

These rules apply to both defendants. There is nothing in the record showing that negligence in loading the truck was the sole or proximate cause of the injury. The inference of negligence hereinbefore referred to would apply to the operation of the truck at the place of the accident as well.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.